1827-76

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| ERIN M. SCOTT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:20-cv-364 |
| CLIFFORD DAVID NIX and POPE TRUCKING, INC., | ) |
| Defendants. | ) |

**DEFENDANTS' NOTICE OF REMOVAL**

NOW COME the Defendants, CLIFFORD DAVID NIX ("NIX") and POPE TRUCKING, INC. ("POPE TRUCKING"), by and through their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file their Notice of Removal of the cause of action styled, *Erin M. Scott v. Clifford David Nix and Pope Trucking, Inc.*, Case No. 2020-L-12, originally filed and now pending in the Circuit Court of the Second Judicial Circuit Court, Franklin County, Illinois, from said Circuit Court to the United States District Court for the Southern District of Illinois, Benton Division. In support of its Notice of Removal, Defendants state:

1. Plaintiff filed a Complaint in Franklin County Circuit Court Case No. 2020-L-12 against Defendants on March 17, 2020. A true and accurate copy of the Complaint at Law is attached hereto as **Exhibit A**. Plaintiff obtained service on Defendant Nix on or about April 1, 2020. Plaintiff obtained service on Defendant Pope Trucking on or about March 31, 2020.

1827-76

## I. TIMELINESS

2. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as Defendants filed the same within 30 days of Defendant Nix's and Defendant Pope Trucking's receipt of the Complaint and Summons in Franklin County Circuit Court Case 2020- L-12.

3. Pursuant to 28 U.S.C. § 1446(b)(2)(A), both Defendants consent to the removal of this action.

## II. DIVERSITY OF CITIZENSHIP

4. At the time the action was commenced and since then, Plaintiff was and is a natural person and a resident and citizen of the State of Illinois.

5. Defendant Nix was and is a natural person and a resident of Georgia, thereby making him a citizen of the State of Georgia pursuant to 28 U.S.C. § 1332.

6. Defendant Pope Trucking is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Pearson, Georgia, thereby making it a citizen of the State of Georgia pursuant to 28 U.S.C. § 1332.

## III. AMOUNT IN CONTROVERSY

7. Plaintiff's Complaint alleges that she prays for judgment in a sum "in excess of Fifteen Thousand Dollars ($15,000.00) plus costs of suit" *See* Ex. A at Count I-II. Pursuant to Illinois Supreme Court Rule 222, "[a]ny civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the total of money damages sought does or does not exceed $50,000." Ill. Sup. Ct. R. 222(b). Plaintiff's Supreme Court Rule 222(b) affidavit states that money damages in this matter exceed $50,000. *See* Ex. A at Affidavit Pursuant to IRCP Rule 222.

1827-76

8. Notwithstanding Plaintiff's prayer and affidavit, this Court may consider all facts relevant to the amount in controversy in this case at the time of this Notice of Removal. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F. 3d 536, 541 (7th Cir. 2006). If the plaintiff, "the master of the complaint," provides little information about the value of the claims alleged, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F. 3d 506, 511 (7th Cir. 2006).

9. This is a personal injury action in which Plaintiff's alleges "serious and permanent injuries to her person" and that she has suffered damages including "large sums of money" for past and future medical expenses; lost wages; and a loss of enjoyment of life. *See* Ex. A at Count I, ¶ 8 and Count II, ¶ 8.

10. Counsel for Plaintiff has represented to Defendants' representatives that Plaintiff's medical expenses to date are approximately $18,000. Counsel further represented to Defendants' representatives that Plaintiff sustained dysfunction at the cervical, lumbar and thoracic levels of Plaintiff's spine as a result of the accident.

11. As it appears from the allegations in the State Court Complaint, including allegations of "serious and permanent" injuries and future damages, and Plaintiff's counsel's representations of the Plaintiff's injuries and medical expenses, Defendants estimate in good faith that the stakes of this matter exceed $75,000, exclusive of interest and costs. *See Oshana*, 472 F. 3d at 511; *see also Campbell v. Bayou Steel Corp.*, 338 F. Supp. 2d 896, 902, (N.D. Ill. 2004) (granting plaintiff's motion to remand based on defendants' failure to timely remove the case where the complaint alleged plaintiff "suffered severe and permanent injuries, and was forced to, and will continue to seek extensive medical treatment in an attempt to be healed and cured

1827-76

of his maladies" and "defendants could have ascertained, both from the face of the complaint and [defendant's] own knowledge of plaintiff's injuries," that plaintiff would incur at least $75,000.00 in damages).

### IV.     CONCLUSION

12.     Pursuant to 28 U.S.C. § 1332, there is complete diversity of the parties and the amount in controversy exceeds $75,000.00.  Accordingly, this Court has original jurisdiction over this matter.  Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

13.     This action is currently pending in the Circuit Court of the Second Judicial Circuit Court, Franklin County, Illinois.  Pursuant to 28 U.S.C. 1441(a) and this Court's General and Civil Local Rule 40.1(C), removal to the United States District Court for the Southern District of Illinois, Benton Division, is proper.

14.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been served upon Defendants in the removed case are attached to this Notice of Removal. A copy of the Complaint is attached hereto as Ex. A.

15.     Defendants will provide written notice hereof to all adverse parties and file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Second Judicial Circuit Court, Franklin County, Illinois, as required under 28 U.S.C. § 1446(d).

**DEFENDANTS DEMAND TRIAL BY JURY.**

                        CLIFFORD DAVID NIX and
                        POPE TRUCKING, INC., Defendants

                        /s/ ***Douglas R. Heise***
BY:_____
                      HEYL, ROYSTER, VOELKER & ALLEN, P.C.
                        Doug R. Heise, ARDC #6195244
                        Brittany P. Warren, ARDC #6325934

1827-76

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
105 West Vandalia Street
Mark Twain Plaza III, Suite 100
PO Box 467
Edwardsville, IL 62025
Phone: 618.656.4646
Primary E-Mail:  edwecf@heylroyster.com
Secondary E-Mail #1: dheise@heylroyster.com
Secondary E-Mail #2: bwarren@heylroyster.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this **20th** day of **April, 2020**, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Raymond Lawler
Lawler & Lawler
1129 N. Carbon St.
Marion, IL 62959
lawleru@yahoo.com
**Attorney for Plaintiff**

                                                             /s/ ***Douglas R. Heise***
BY:_____
                                            HEYL, ROYSTER, VOELKER & ALLEN, P.C.