IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
FRANKLIN COUNTY, ILLINOIS

FILED
Franklin Co. Circuit Court
2nd Judicial Circuit
Date: 3/17/2020 10:36 AM
Jim Muir

| | |
|---|---|
| ERIN M. SCOTT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 20-L-  **2020L12** |
| CLIFFORD DAVID NIX and POPE TRUCKING, INC., | ) ) ) ) |
| Defendants. | ) |

**EXHIBIT A**

## COMPLAINT WITH JURY DEMAND

### COUNT I

(Erin M. Scott v. Clifford Davis Nix)

NOW COMES the Plaintiff, ERIN M. SCOTT, by Lawler & Lawler, her attorneys, and for cause of action against the Defendant, CLIFFORD DAVID NIX, states as follows:

1. That the collision hereinafter referred to occurred on July 11, 2018, at approximately 8:05 a.m. on I-57 Southbound, near mile post 63.

2. That I-57 is a highway which generally runs in a northerly and southerly direction in Illinois, at the above-described location.

3. That on the date and at the time and place aforesaid, the Defendant, CLIFFORD DAVID NIX, was driving a 2005 Peterbilt Conv. in an southerly direction on I-57.

4. That on the date and at the time and place aforesaid the Plaintiff, ERIN M. SCOTT, was driving a 2002 Ford Escort heading in a southerly direction on I-57.

5. That the Defendant, CLIFFORD DAVID NIX, was driving his vehicle at the described location, and caused his motor vehicle to collide with the vehicle which the Plaintiff,

1

ERIN M. SCOTT, was driving.

6. The Defendant, CLIFFORD DAVID NIX, drove his 2005 Peterbilt Conv. into the rear end and left side of the Plaintiff's southbound vehicle.

7. That the aforesaid collision between the two vehicles was caused by one or more of the following negligent acts or omissions to act of the part of the Defendant, CLIFFORD DAVID NIX:

(a) Failed to see and observe the vehicle which the Plaintiff was driving when it could and should have been seen and observed;

(b) Failed to keep said motor vehicle under proper control so as to avoid the collision with the vehicle which the Plaintiff, ERIN M. SCOTT, was driving;

(c) Failed to keep reasonable and prudent distance between his vehicle and the vehicle in front of him; contrary to and in violation of 625 ILCS 5/11-710;

(d) Operated his vehicle at a high rate of speed; contrary to and in violation of 625 ILCS 5/11-601(a);

(e) Failed to keep proper lookout ahead for vehicles ahead of him on I-57 so as to avoid colliding with the vehicle in front of him;

(f) Operated his vehicle at a speed that endangered the safety of the plaintiff and was greater than is reasonable and proper with regard to traffic conditions and the use of the highway; contrary to and in violation of 625 ILCS 5/11-601(a);

(g) Failed to stop the Defendant's vehicle in time to avoid the collision, although said vehicle in which the Plaintiff was driving could and should have been seen and the Defendant had ample time and opportunity to avoid it; and

2

(h) Failed to give audible warning with the Defendant's horn when it was reasonably necessary to insure the safe operation of the Defendant's vehicle, in violation of 625 ILCS 5/12-601(a).

8. As a direct and proximate result of the aforesaid collision, Plaintiff sustained serious and permanent injuries to her person and a loss of enjoyment of life, and will in the future continue to suffer. Plaintiff further expended and became liable for and will expend and become liable for large sums of money for medical services in endeavoring to be healed and cured of said injuries. Plaintiff sustained a loss in wages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, CLIFFORD DAVID NIX, in excess of Fifteen Thousand Dollars ($15,000.00).

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE (12).

LAWLER& LAWLER
Attorneys at Law

By /s/ Raymond Lawler

Raymond Lawler
Attorney for Plaintiff

COUNT II

(ERIN M. SCOTT v. POPE TRUCKING, INC.)

NOW COMES the Plaintiff, ERIN M. SCOTT, by Lawler and Lawler, her attorneys and for cause of action against the Defendant, CLIFFORD DAVID NIX, states as follows:

1. That the collision hereinafter referred to occurred on July 11, 2018, at approximately 8:05 a.m. on I-57 Southbound, near mile post 63.

2. That I-57 is a highway which generally runs in a northerly and southerly direction in

3

3. That on the date and at the time and place aforesaid, the Defendant, POPE TRUCKING, INC., by and through its employee, CLIFFORD DAVID NIX, was driving a 2005 Peterbilt Conv. in a southerly direction on I-57.

4. That on the date and at the time and place aforesaid the Plaintiff, ERIN M. SCOTT, was driving a 2002 Ford Escort heading in a southerly direction on I-57.

5. That the Defendant, POPE TRUCKING, INC., by and through its employee, CLIFFORD DAVID NIX, was driving its vehicle at the above-described location, and caused its motor vehicle to collide with the vehicle which the Plaintiff was a passenger, ERIN M. SCOTT.

6. At said time and place, the Defendant, POPE TRUCKING, INC., by and through its employee, CLIFFORD DAVID NIX, drove the 2005 Peterbilt Conv. into the rear and left side of the Plaintiff's southbound vehicle.

7. That the aforesaid collision between the two vehicles was caused by one or more of the following negligent acts or omissions to act of the part of the Defendant, POPE TRUCKING, INC.:

(a) Failed to see and observe the vehicle which the Plaintiff was driving when it could and should have been seen and observed;

(b) Failed to keep said motor vehicle under proper control so as to avoid the collision with the vehicle which the Plaintiff, ERIN M. SCOTT, was driving;

(c) Failed to keep reasonable and prudent distance between his vehicle and the vehicle in front of him; contrary to and in violation of 625 ILCS 5/11-710;

(d) Operated his vehicle at a high rate of speed; contrary to and in violation of 625 ILCS 5/11-601(a);

(e) Failed to keep proper lookout ahead for vehicles ahead of him on I-57 so as to

4

(f) Operated his vehicle at a speed that endangered the safety of the plaintiff and was greater than is reasonable and proper with regard to traffic conditions and the use of the highway; contrary to and in violation of 625 ILCS 5/11-601(a);

(g) Failed to stop the Defendant's vehicle in time to avoid the collision, although said vehicle in which the Plaintiff was driving could and should have been seen and the Defendant had ample time and opportunity to avoid it; and

(h) Failed to give audible warning with the Defendant's horn when it was reasonably necessary to insure the safe operation of the Defendant's vehicle, in violation of 625 ILCS 5/12-601(a).

8. As a direct and proximate result of the aforesaid collision, Plaintiff sustained serious and permanent injuries to her person and a loss of enjoyment of life, and will in the future continue to suffer. Plaintiff suffered pain and will in the future suffer pain. Plaintiff further expended and became liable for and will expend and become liable for large sums of money for medical services in endeavoring to be healed and cured of said injuries. Plaintiff sustained a loss in wages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, POPE TRUCKING, INC., in excess of Fifteen Thousand Dollars ($15,000.00).

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE (12).

LAWLER & LAWLER
Attorneys at Law

By: _____
Attorney Raymond Lawler

Lawler & Lawler
Attorneys at Law
1129 N. Carbon St.
Marion, IL 62959
618-997-5555

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF FRANKLIN | ) |

## AFFIDAVIT

I, RAYMOND LAWLER, Attorney for Plaintiff, ERIN M. SCOTT, after first being duly sworn on oath, depose and state as follows:

The total money damages that the Plaintiff, ERIN M. SCOTT, is seeking as a result of a claim filed in the Second Judicial Circuit, Franklin County, Illinois, against the Defendants, CLIFFORD DAVID NIX and POPE TRUCKING, INC., are in excess of $50,000.

FURTHER, THE AFFIANT SAYETH NOT.

DATED this 16th day of March, 2020.

_____
Attorney for Plaintiff

Subscribed and sworn to before
me this 16th day of March, 2020.

_____
NOTARY PUBLIC

OFFICIAL SEAL
Kimberly D. Burnham
Notary Public, State of Illinois
My Commission Expires 07/19/2020

6